IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Gloster James Johnson,<br><br>    PETITIONER<br><br>    v.<br><br>United States of America,<br><br>    RESPONDENT | Crim. No. 4:06-cr-00762-TLW-1<br>C/A No. 4:16-cv-04037-TLW<br><br><br>**Order** |

This matter comes before the Court for consideration of the pro se petition to vacate, set aside, or correct a sentence pursuant to 28 U.S.C. § 2255 filed by Petitioner Gloster James Johnson. For the reasons stated below, the Court dismisses the petition.

## I.    Factual and Procedural History

Petitioner pled guilty to charges of bank robbery (Count 1) and using, carrying, and possessing a firearm during, in relation to, and in furtherance of a violent crime (Count 3), and on December 15, 2006, he was sentenced to a total term of 192 months incarceration (108 months on Count 1 and 84 months consecutive on Count 3). ECF No. 30. He did not file a direct appeal.

Petitioner filed this § 2255 petition on or about December 9, 2016.[1] His petition asserts, in full, the following:

> Johnson was convicted of bank robbery & using carrying & possessing a firearm during in retition to & in furtherance of a violent crime.
>
> His priors were failure to stop for a blue light, breaking and entering, and joy riding, and grand auto thief. In light of Mathes vs United States the Supreme Court has ruled that in order a crime to be a felon it has to carry more than one year and has to have a violent intent. And as ruled in Simmons vs United States failure to stop

---

[1] Filing date under *Houston v. Lack*, 487 U.S. 266 (1988).

1

for a blue light and siren is not a felon any longer nor is joy riding. So we ask that the court correct set aside and adjust his sentence to coraspond with new ruleings.

## II.     28 U.S.C. § 2255

Title 28, Section 2255 of the United States Code provides that a prisoner in custody under sentence of a federal court may file a petition in the court that imposed the sentence to vacate, set aside, or correct the sentence. A petitioner is entitled to relief under § 2255 if he proves by a preponderance of the evidence one of the following: (1) that the sentence was imposed in violation of the Constitution or laws of the United States; (2) that the court was without jurisdiction to impose such sentence; (3) that the sentence was in excess of the maximum authorized by law; or (4) that the sentence is otherwise subject to collateral attack. *See* 28 U.S.C. § 2255(a); *Miller v. United States*, 261 F.2d 546, 547 (4th Cir. 1958) (per curiam). "The scope of review of non-constitutional error is more limited than that of constitutional error; a non-constitutional error does not provide a basis for collateral attack unless it involves 'a fundamental defect which inherently results in a complete miscarriage of justice,' or is 'inconsistent with the rudimentary demands of fair procedure.'" *Leano v. United States*, 334 F. Supp. 2d 885, 890 (D.S.C. 2004) (quoting *United States v. Mikalajunas*, 186 F.3d 490, 495–96 (4th Cir. 1999)).

In deciding a § 2255 petition, a court need not hold a hearing if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). The Court has thoroughly reviewed the motions, files, and records in this case, liberally construing Petitioner's filings, and finds that no hearing is necessary.

## III.     Standard of Review

Petitioner brings this motion *pro se*. Courts are required to construe liberally pleadings filed by *pro se* litigants to allow for the development of potentially meritorious claims. *See Boag*

2

*v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam). These pleadings are held to a less stringent standard than those drafted by attorneys. *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). However, "[t]he 'special judicial solicitude' with which a district court should view such *pro se* complaints does not transform the court into an advocate. Only those questions which are squarely presented to a court may properly be addressed." *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

## IV.   Discussion

There is no merit to this petition. Petitioner appears to be challenging his conviction and sentence in light of *Mathis v. United States*, 136 S. Ct. 2243 (2016) and *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011) (en banc). However, neither of these cases has any relevance to his case. *Mathis* involved the question of whether a defendant's sentence for a felon in possession conviction could be enhanced under the Armed Career Criminal Act by using an Iowa burglary conviction as a predicate conviction, and *Simmons* involved the question of whether a drug defendant's prior North Carolina drug conviction, for which he faced no possibility of imprisonment, could be used to enhance his sentence. Neither of these cases has anything to do with Petitioner's convictions for bank robbery and § 924(c).

Petitioner is also entitled to no relief even if the Court gives the petition an extraordinarily generous reading and construes it as alleging, as some other defendants have, that in light of *Johnson v. United States*, 135 S. Ct. 2551 (2015), his conviction for bank robbery is no longer a predicate offense for purposes of his § 924(c) conviction and that his § 924(c) conviction should therefore be vacated. The Fourth Circuit has recently foreclosed that argument, concluding that bank robbery is a crime of violence within the meaning of § 924(c)'s force clause. *United States v. McNeal*, 818 F.3d 141, 157 (4th Cir. 2016).

## V.     Conclusion

For the reasons stated, Petitioner's petition for relief pursuant to § 2255, ECF No. 33, is **DENIED**.  This action is hereby **DISMISSED**.

The Court has reviewed this petition in accordance with Rule 11 of the Rules Governing Section 2255 Proceedings.  In order for the Court to issue a certificate of appealability, Rule 11 requires that Petitioner satisfy the requirements of 28 U.S.C. § 2253(c)(2), which in turn requires that he "has made a substantial showing of the denial of a constitutional right."  The Court concludes that he has not made such a showing, and it is therefore not appropriate to issue a certificate of appealability as to the issues raised in this petition.  Petitioner is advised that he may seek a certificate from the Fourth Circuit Court of Appeals under Rule 22 of the Federal Rules of Appellate Procedure.

**IT IS SO ORDERED**.

*s/ Terry L. Wooten*
Terry L. Wooten
Chief United States District Judge

January 10, 2017
Columbia, South Carolina